IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY L. PAPENFUS,

        Plaintiff,        Civil No. 05-882-AA

        v.                ORDER

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants subjected him to cruel and unusual punishment by forcing him to continue to work after reporting a back injury. Plaintiff further alleges that defendants denied him adequate medical care for the injury. Plaintiff seeks money damages and injunctive relief. Defendants now move for summary judgment (#37).

1 - ORDER

As a preliminary matter, plaintiff's Motion to Compel (#45) is denied as moot. <u>See</u> Order Staying Discovery (#47). Plaintiff's motion for Extension (#48), to the extent it is not moot, is allowed. Plaintiff's briefs submitted past the August 23, 2006 deadline have been filed and considered by the court.

The relevant facts are as follows: Plaintiff followed sick call procedure for complaints of low back pain (LBP) on May 29th, 2002, and received a medical assessment. The treatment plan ordered was "medical idle status," restriction to his bunk and a wheel chair taxi. Plaintiff was seen by Dr. Duncan two days later. Dr. Duncan ordered that plaintiff be off work for one week, with a gradual resumption of activities and ibuprofen for pain. Plaintiff complained of LBP again on June 5, 2002, and was seen by Health Services.

Over the next ten months, plaintiff was examined for other medical conditions and did not refer to back pain. Plaintiff complained of LBP on March 25, 2003 and was seen by Dr. Hartwig on April 1, 2003. X-rays revealed mild degenerative joint disease and a narrowing of the L5-S1 disc space and "lipping" of L3. Dr. Hartwig counseled plaintiff to do back strengthening exercises.

On July 10, 2003, plaintiff's examination by Dr. Hartwig revealed objective signs of increasing LBP. Dr. Hartwig

2 - ORDER

ordered Darvocet N. 100 for pain, twice a day. On July 29, 2003, plaintiff's pain medication was changed to Vicoden for two weeks and on September 3, 2003, plaintiff's prescription for Vicoden was continued for another three weeks. In October, 2003, Dr. Duncan began a regiment for plaintiff of Percogesic, Ibuprofen and Vicoden at bedtime.

Plaintiff returned six weeks later requesting modification of his work assignment to one not involving bending or lifting and Dr. Duncan ordered light work with no bending or lifting for one year. Dr. Duncan did not continue plaintiff on Vicoden at that time.

After plaintiff complained of increasing LBP in February, Vicoden was again prescribed. Between May and October of 2004 an MRI was conducted and plaintiff received Epidural injections for pain. Plaintiff was also prescribed MS Cotin, a time release narcotic medication, for pain. When asked if his pain was under control on September 24, 2004, plaintiff answered "yes."

Plaintiff was offered to undergo a neurosurgical evaluation for a possible surgical repair on three occasions and declined to participate on each occasion. On December 16, 2004, plaintiff refused "TAC trial" and refused to see a surgeon and indicated he wanted increased narcotics to manage his pain. On June 28, 2005, plaintiff stated that he just

wanted enough narcotic pain medication to make it through the remainder of his incarceration.

In August 2005, SCRI health care providers became concerned that plaintiff was abusing his pain medication and not using them according to the prescriptions. Plaintiff appeared to be exhausting his supply of narcotic medication within the first week or two and taking them all at once. Because of this pattern, the Therapeutic Levels of Care Committee recommended discontinuance of Vicoden on August 8, 2005.

Plaintiff continues to be interviewed, examined and cared for by health care providers and is now utilizing over the counter pain relief medications, such as Alleve and Tylenol for pain management.

Plaintiff has submitted over 100 pages of evidence and argument. However, he has not controverted the essential facts regarding his medical treatment as set forth above. The gist of plaintiff's argument is that he disagrees with the course of medical treatment prescribed and followed by his attending physicians.

In the context of a claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104

4 - ORDER

(1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972.

Medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. See, eg., Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); McKinney v. People of the State of California, 427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases collected in the Annotation, Relief Under Federal Civil Rights Act to State Prisoner Complaining of Denial of Medical Care, 28 A.L.R. Fed. 179, 366-379 (1976).

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the

5 - ORDER

adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985).

In this case plaintiff undisputed facts of record establish that plaintiff has received constitutionally adequate treatment for his degenerative disc disease and mild degenerative joint disease of his lumbar spine. The medical staff at SCRI responded to plaintiff's need for a modified job assignment and treated his complaints of low back pain appropriately with physical therapy and drugs. Plaintiff has been offered and has declined evaluation for surgical intervention. The decision to discontinue plaintiff's prescription for narcotic drugs appears to be a prudent one considering that plaintiff was exhausting his month's supply in the first week or two of each month.

Although plaintiff may disagree with defendants' medical judgment as to the best course of treatment for his condition, plaintiff's opinion does not give rise to a claim under the Eighth Amendment. See, Miranda v. Munoz, supra.

I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law.

      Defendants' Motion for Summary Judgment (#37) is allowed. This action is dismissed.

      DATED this  26   day of September, 2006.

                                    /s/ Ann Aiken
                                    Ann Aiken
                                    United States District Judge

7 - ORDER